No. 10,138.

## TEAGARDEN v. MCLAUGHLIN.

TORTS.—*Infant.*—*Negligence.* —*Parent and Child.*—*Liability of Parent.*—Where a minor son, by contract with his father, cleared a parcel of land, and in doing so negligently set fire to and burned property belonging to a ten-

ant, the father was not shielded by his contract from liability for the injuries resulting from his son's negligence.

SAME.—*Instruction.—Contributory Negligence.—Question of Law or Fact.*—An instruction, in an action for such injuries, which assumes that certain facts constitute contributory negligence, should be refused unless such facts show that the question of negligence is one merely of law.

SAME.—*Lessor and Lessee.*—In such case, the fact that the lessee, the plaintiff, had agreed to allow the lessor, the defendant and owner of the land, "one-half the pasturage on said land," did not entitle the lessor to enter for the purpose of burning logs, stumps and brush, thus endangering the tenant's property.

From the Howard Circuit Court.

*C. N. Pollard,* for appellant.

*J. F. Elliott* and *L. J. Kirkpatrick,* for appellee.

ELLIOTT, J.—Property belonging to the appellee was burned by fire, negligently and wrongfully set out by the son of the appellant. The son had contracted with the father to clear the parcel of land on which the property was situated for a designated price, and, in carrying out this contract, set out the fire which destroyed appellee's property. At the time the contract was made the son was not of full age, and was living with his father and treated as a member of his family. The appellant asked an instruction affirming that, if the work of clearing the land had been let to the son as an independent contractor, and the injury resulted from his negligence, the appellee could not recover. The court refused to give this instruction, and this ruling presents the principal question in the case.

A son not of full age, who undertakes to do work for his father, can not be regarded as an independent contractor in such a sense as to shield the father, who employs him to do work, from injuries resulting from his negligence. It would be pushing the rule absolving an employer from liability for the negligence of an independent contractor to an unwarrantable extent to extend it to the case of a father who contracts with his minor son. The reason, upon which rests the rule holding employers not liable for the negligence of indepen-

dent contractors, fails where the contractor is the infant child
of the employer.    The reason supporting the rule is, that the
employer has no control over the acts of the contractor in the
performance of the work, and ought not to be held responsi-
ble for that over which he has no authority or power.    The
right to control is the test by which to determine whether the
relation of employer and contractor exists.    2 Thompson
Neg. 906.    In legal contemplation, the minor child is within
the control of the parent, and there can be no doubt that, as
a general rule, the theory of the law corresponds with the ac-
tual fact.    Not only does the principle we have referred to
require that it should be held that a father can not evade re-
sponsibility for the negligent manner in which his minor son
does an act, which he commanded to be done, but there are
other strong reasons leading to the same conclusion.    If a
man were permitted to escape liability upon the ground here
relied on, it would be easy to perpetrate great wrongs, and
leave the injured person to proceed against irresponsible per-
sons under legal disabilities; and it would also open a way
for unscrupulous persons to evade liability for torts committed
in their behalf, by wrongfully shifting the responsibility to
those subject to their commands.    The general rule is, that a
father is not responsible for the torts of his minor child; but
this rule does not apply to cases where the tort is committed
by the child while engaged in performing work directed by
the father.    Where a child is engaged in the father's service,
and in doing work authorized or commanded by him, he is
responsible for loss resulting to others from the negligence of
the child.

An instruction which assumes that certain facts constitute
contributory negligence should be refused unless the facts
stated are such as would make it proper for the court to de-
cide the question of negligence as one of pure law.    In this
case, the question of contributory negligence was one of fact
for the jury, and the court did right in refusing to instruct

that certain facts, hypothetically stated in the instruction prayed, constituted contributory negligence.

The appellee was the tenant of the appellant under a lease demising to him the property described in it, and containing this provision: The lessee agrees to allow the lessor " one-half the pasturage on said land," and it is contended that the instrument did not give the appellee such possession as enabled him to maintain this action. This position is untenable. The lease vested in the lessee a right of possession to the land subject only to the lessor's right to one-half the pasturage, and this right of possession was sufficient to entitle the lessee to his action for a wrongful and unlawful entry upon the land. The general rule is that a tenant in rightful possession may maintain trespass against his landlord, and the lease under examination did not affect the operation of the rule except in so far as to vest in the landlord a right of pasturage. It is clear that it did not entitle him to enter for the purpose of burning logs, stumps and brush, thus endangering the tenant's property.

Judgment affirmed.